UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLEARWATER HOUSING AUTHORITY,**

    **Plaintiff,**

v.	Case No.: 8:15-CV-1212-T-27EAJ

**CHAKI HURDLE,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Chaki Hurdle's ("Defendant's") **Application to Proceed in District Court Without Prepaying Fees or Costs** (Dkt. 3), which the Court construes as a motion for leave to proceed in forma pauperis. Defendant, a party to an eviction action filed in state court in May 2015 and appearing pro se, seeks to remove Case Number 15-003449-CO from the Sixth Judicial Circuit in and for Pinellas County, Florida (Dkt. 1) without prepaying the costs of the action.

Defendant seeks to remove this case to federal court, stating that this Court has federal question jurisdiction over the action. Defendant's Notice of Removal (Dkt. 1) asserts that federal question jurisdiction exists pursuant to the Civil Rights Act of 1968, explaining that Plaintiff's Complaint "fails to allege compliance with the Civil Rights Act of 1968," that Defendant "is discriminated against by way of being told by Plaintiff that certain people cannot be on the premises," and that Defendant is a member of the protected class for whom the Civil Rights Act was created. (Dkt. 1 at 2-3)[1]

---

[1] Given this description, it appears that Defendant may be referencing the Fair Housing Act of 1968, also known as Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601 et seq.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Defendant states he is currently employed, earning $1168.84 in gross pay, and taking home $458.21 per week.  He has received no other income in the past twelve months, has no money in a bank account, and has no property of value.  Defendant further states that he pays $758.00 per month in rent, $140.00 per month for electric, and $250.00 for "bike note" per month.  He has no dependents and describes no other financial obligations.

Based on the foregoing, Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 3) reveals the requisite inability to pay the cost of filing an action. However, Defendant's motion should be denied because the Complaint fails to allege facts sufficient to support a federal claim or a claim over which this court has jurisdiction.  A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (a).  This Court has jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

Plaintiff's complaint alleges that Defendant, Plaintiff's tenant, failed to pay rent due and

2

seeks to evict Defendant from the property identified. Plaintiff also seeks late fees, rent as it accrues, and attorney's fees. Eviction is governed by state, rather than federal, law and does not pose a federal question. <u>Magnolia Place Apartments, LLC v. Richman</u>, No. 1:14-cv-24-MW/GRJ, 2014 WL 2117176, at * 2 (N.D. Fla. May 21, 2014). Although Defendant appears to assert a federal defense under the Civil Rights Act, defenses under federal statutes do not confer federal question jurisdiction on this Court. <u>Id.</u> Absent diversity jurisdiction, a case is not removable unless the plaintiff's complaint asserts a federal claim. <u>HSBC Mortg. Servs., Inc. v. Cunningham</u>, No. 1:07-cv-02480-WSD-JFK, 2007 WL 30005337, at *2 (N.D. Ga. Oct. 12, 2007). Plaintiff's Complaint also fails to allege facts supporting diversity jurisdiction, as the Complaint does not allege the citizenship of the parties or an amount in controversy exceeding $75,000. Therefore, there is no basis for federal subject matter jurisdiction in this case.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 3) be **DENIED**; and

(2) this matter be remanded to state court.

**DATE:** June 25, 2015

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

3

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
<u>Pro</u> <u>Se</u> Defendant
Attorneys of Record
District Judge